IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PROGRESSIVE PREMIER
INSURANCE COMPANY OF
ILLINOIS,

   Plaintiff,

   v.

DARA GIBBS, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:15-CV-2662-TWT

**OPINION AND ORDER**

This is a declaratory judgment action regarding insurance coverage. It is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 28] and the Defendant Tiarra Poindexter's Motion for Oral Argument [Doc. 33]. For the reasons stated below, the Plaintiff's Motion for Summary Judgment is GRANTED and the Defendant's Motion for Oral Argument is DENIED.

**I. Background**

On May 29, 2015, Cory Gibbs was driving a 2008 Nissan Maxima on Gardenwalk Boulevard near its intersection with Upper Riverdale Road in Clayton

County, Georgia.[1] Dara Gibbs owned the Nissan Maxima.[2] While driving the vehicle, Mr. Gibbs was involved in an accident with Defendants Lemon, Buford, Smith, Washington, and Valeriano-Campos, who all claim to have suffered bodily injuries.[3]

On May 5, 2015, Dara Gibbs submitted an online application for insurance to the Plaintiff, Progressive Premier Insurance Company of Illinois.[4] The application package included an Electronic Funds Transfer Authorization that allowed the Plaintiff to deduct policy premium payments directly from the listed bank account.[5] When the Plaintiff submitted the initial premium amount to the listed financial institution for payment, however, the transaction was declined.[6] Ms. Gibbs admits that she has no proof that payment was ever made to the Plaintiff and that she was not the account holder for the listed bank account.[7] The Plaintiff never received any premium payments whatsoever.[8] The Plaintiff brings this declaratory judgment action against

---

[1] Pl.'s Statement of Facts ¶ 1.

[2] Id. ¶ 2.

[3] Id. ¶ 3.

[4] Id. ¶ 4.

[5] Id. ¶ 5.

[6] Id. ¶ 6.

[7] Id. ¶¶ 7-8.

[8] Id. ¶ 9.

Dara and Cory Gibbs, as well as the other drivers involved in the collision, seeking a declaration that no coverage is afforded to Dara or Cory Gibbs for the motor vehicle collision on May 29, 2015. The Plaintiff moves for summary judgment on that claim.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[9] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[10] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[11] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[12] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[13]

---

[9] FED. R. CIV. P. 56(a).

[10] Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[11] Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[12] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[13] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

### III. Discussion

The Plaintiff argues that no contract for insurance ever existed and therefore requests a declaration that no coverage must be provided. "[F]ailure of consideration, if proved, is sufficient to defeat an action on contract."[14] The Georgia Court of Appeals has held that unless the record establishes that the parties intended for mere tender of a check to constitute payment, there is a total failure of consideration when a check is dishonored, which renders a contract null and void.[15] Here, the parties clearly did not intend that mere tender of a check would constitute payment. Specifically, the application for insurance read "[i]f I make my initial payment by electronic funds transfer, check, draft, or other remittance, the coverage afforded under this policy is conditioned on payment to the Company by the financial institution."[16] Ms. Gibbs does not dispute that her electronic funds transfer was returned.[17] She additionally admits that she did not pay Progressive via any other means.[18] When Progressive submitted the electronic funds transfer, it was declined,

---

[14] McDuffie v. Criterion Cas. Co., 214 Ga. App. 818, 821 (1994).

[15] Id.

[16] Pl.'s Mot. for Summ. J., Ex. 3, p. 62.

[17] Gibbs Dep. at 32.

[18] Id. at 33.

and Progressive never received any other form of payment.[19] Because no payment was ever received, there was a total failure of consideration for the policy. As a result, no contract ever existed, so Ms. Gibbs was never insured by the Plaintiff.

The Defendants make several arguments as to why this Court should enforce the insurance contract despite its lack of consideration. First, the Defendants argue that the Plaintiff failed to meet the cancellation requirements of O.C.G.A. § 33-24-44. Contrary to the Defendants' arguments, however, that code section specifically notes that it does not apply "in any case where a binder or contract of insurance is void ab initio for failure of consideration."[20] Because the contract here is void for failure of consideration, the cancellation requirements do not apply. Second, the Defendants argue that public policy concerns of universal insurance coverage should trump the lack of consideration and require the contract to be enforced. This Court finds no policy concerns here that would require it to enforce a contract that is void for lack of consideration. The Plaintiff's motion for summary judgment should be granted. Because the Court is able to decide this matter on the papers, the motion for oral argument should be denied.

### IV. Conclusion

---

[19]  Henry Aff. ¶¶ 4-5.

[20]  O.C.G.A. § 33-24-44(d.1).

For the reasons stated above, the Plaintiff's Motion for Summary Judgment [Doc. 28] is GRANTED and the Defendant Tiarra Poindexter's Motion for Oral Argument [Doc. 33] is DENIED.

SO ORDERED, this 18 day of April, 2016.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge